UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

AARON C. W.,

                              Plaintiff,

    -against-                                        5:22-CV-1028 (LEK/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

       This Social Security action comes before the Court following a report and recommendation filed on September 21, 2023, by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 17 ("Report and Recommendation"). Plaintiff has filed objections, Dkt. No. 18 ("Objection"), and Defendant has filed a response, Dkt. No. 19.

       For the reasons that follow, the Court adopts the Report and Recommendation in its entirety, denies Plaintiff's motion for judgment on the pleadings, Dkt. No. 10 ("Motion"), [1] and grants Defendant's cross motion for judgment on the pleadings, Dkt. No. 12.

---

[1] Courts in this District construe appeals of claims for Social Security benefits as motions brought under Rule 12(c). <u>See</u> <u>Russell v. Comm'r of Soc. Sec.</u>, No. 13-CV-1398, 2015 WL 5602939, at *1 (N.D.N.Y. Sept. 15, 2015) ("Pursuant to Northern District of New York General Order No. 8, the Court proceeds as if both parties had accompanied their briefs with a motion for judgment on the pleadings.").

1

II.     BACKGROUND

The Court assumes familiarity with Judge Peebles' Report and Recommendation and the factual assertions described therein. See R. & R. at 2–7.

Judge Peebles began his analysis by describing Plaintiff's arguments made in the Motion. Plaintiff first argued that the ALJ improperly evaluated the opinion evidence submitted by Plaintiff's treating cardiologist, Dr. Vishal Parikh. See id. at 12. Specifically, Plaintiff argued that (1) the ALJ misattributed an echocardiogram to Dr. Parikh that he ordered but did not conduct; (2) the ALJ provided an inadequate explanation of how the record evidence was inconsistent with Dr. Parikh's opinion; and (3) the ALJ relied too heavily on the August 2020 echocardiogram results. See id. Judge Peebles dismissed these three arguments. First, Judge Peebles explained that although the echocardiogram was performed by a different physician, "the report for that procedure indicates that Dr. Parikh was the provider who ordered it, and thus there is no logical reason to believe he would not have been aware of it or that it would not be included in his own treatment notes." Id. at 16. Second, Judge Peebles noted that the ALJ discussed the ways in which the limitations suggested by Dr. Parikh failed to comport with Plaintiff's symptoms outside of Plaintiff's acute state between November 2019 and February 2020. See id. at 22. Given these inconsistencies, Judge Peebles determined that the ALJ was not being unreasonable when "concluding that the report simply does not appear to provide an explanation as to why Dr. Parikh thought such limitations were warranted." Id. at 18. Third, Judge Peebles stated that Plaintiff failed to provide a compelling argument as to why the August 2020 echocardiogram would have provided unreliable information even if the exam was "technically difficult due to poor acoustic window." Id. at 17 n.7.

Plaintiff next argued that the ALJ failed to support his opinion with substantial evidence. See id. at 18. Specifically, Plaintiff argues that "the record does not contain any treatment records from Dr. Parikh, despite the fact he stated he has treated plaintiff approximately every three months since February 2020, creates a gap in the record that the ALJ failed to address." Id. Plaintiff further argued that "the agency has a responsibility to assist the plaintiff with the developing of a complete record, which is defined as the claimant's complete medical history for at least the twelve months preceding the month in which he or she filed their disability application." Id. Judge Peebles rejected this argument, describing the extent to which Plaintiff communicated his efforts to build the record with the ALJ and Plaintiff's representative's affirmation at the administrative hearing that the record was complete. See id. at 20–21. While the agency is required to assist in the development of the record, Judge Peebles noted that, "[i]n the end, it is plaintiff's burden to produce evidence in support of his allegations of disability." Id. at 25.

In his final argument, Plaintiff argued that the ALJ erred in failing to provide an appropriate explanation for his finding that Plaintiff's chronic heart failure did not meet or equal the requirements of Listing 4.02. See id. at 26. Judge Peebles agreed that, while it was true that the ALJ's discussion of Listing 4.02 was "somewhat perfunctory . . . the fact that the ALJ utilized a boilerplate statement that essentially stated the requirements of the listing is not as inherently fatal as plaintiff asserts." Id. at 29. Reviewing the decision as a whole, Judge Peebles noted that the ALJ cited to sufficient medical evidence when discussing Plaintiff's residual functional capacity to support the finding that Plaintiff did not meet the requirements for Listing 4.02. See id. at 29–33.

### III. LEGAL STANDARD

3

### A. Review of the Magistrate's Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### B. Review of the ALJ's Decision

When a court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether his or her decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence amounts to "more than a mere scintilla," and it must reasonably support the decision-maker's conclusion. Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). A court will defer to the ALJ's decision if it is supported by substantial evidence "even if [the court] might justifiably have reached a different result upon a de novo review." Sixberry v. Colvin, No. 12-CV-1231, 2013 WL 5310209, at *3 (N.D.N.Y. Sep. 20, 2013) (quoting Valente v. Sec'y of

Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error. See Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998).

## IV. DISCUSSION

Plaintiff objects to Judge Peebles' Report and Recommendation on two grounds. First, Plaintiff argues that "[t]he Court should decline to adopt the Magistrate Judge's conclusion that the ALJ properly evaluated the opinion of Vishal Parikh, M.D." Obj. at 1. Second, "[t]he Court should decline to adopt the Magistrate Judge's conclusion that the ALJ did not fail to properly and adequately consider Listing 4.02." Id. at 7. Both arguments were made in Plaintiff's motion for judgment on the pleadings, see Mot. at 10–25, and extensively addressed by Judge Peebles in the Report and Recommendation, see R. &. R. at 12–33. Accordingly, Plaintiff's arguments will be evaluated under the clear error standard. See Kelsey v. Lewin, No. 21-CV-348, 2024 WL 194006, at *3 (N.D.N.Y. Jan. 18, 2024) ("[W]hen a party files general or conclusory objections or objections which merely recite the same arguments that he presented to the magistrate judge, the court reviews those recommendations for clear error.") (cleaned up); Ricciardi v. Colvin, No. 15-CV-2715, 2017 WL 4011243, at *1 (E.D.N.Y. Sep. 12, 2017) ("The Court reviews the R&R for clear error because the Plaintiff merely repeats his initial arguments.").

The Court has reviewed Judge Peebles' Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

5

**ORDERED**, that the Report and Recommendation, Dkt. No. 17, is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 10, is **DENIED**; and it is further

**ORDERED**, that Defendant's cross-motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and it is further

**ORDERED**, that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint be **DISMISSED**; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 28, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge